United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued September 2, 1998 Decided September 17, 1998 

 No. 97-7163

 Adam Ostrzenski,

 Appellant

 v.

 Columbia Hospital for Women Foundation, Inc., et al.,

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 94cv02007)

---------

 Stephen Rubin argued the cause for appellant, with whom 
Maria Ostrzenska was on the briefs.

 Lee H. Simowitz argued the cause for appellees, with 
whom Jenifer M. Brown, Michael T. Wharton, Mary Anne 
Mason, Lynda K. Marshall, Nicholas S. McConnell, Mark D. 
Gately and John E. McCann, Jr. were on the brief.


 Before: Edwards, Chief Judge, Henderson and Garland, 
Circuit Judges.

 Opinion for the court filed Per Curiam

 Per Curiam: Dr. Adam Ostrzenski appeals from a grant of 
summary judgment dismissing his complaint against defen-
dants under s 1 of the Sherman Act, 15 U.S.C. s 1. In his 
complaint, Dr. Ostrzenski alleged that defendants--seven in-
dividual doctors and six hospitals at which they practiced--
participated in an unlawful group boycott intended to destroy 
his practice. Specifically, Dr. Ostrzenski asserted that the 
individual physician defendants perceived him as an economic 
threat to their practices and manipulated the peer review 
processes at the defendant hospitals to deny him privileges to 
practice advanced laparoscopy, a technique for gynecological 
surgery involving the use of a laser. The defendants moved 
for summary judgment, arguing that the actions taken 
against Dr. Ostrzenski were the result of legitimate peer 
review decisions, based on defendants' concerns over Dr. 
Ostrzenski's medical competence.

 In order to prevail on a claim under s 1 of the Sherman 
Act, a plaintiff must show the existence of an illegal conspira-
cy to restrain competition. Antitrust law, moreover, "limits 
the range of permissible inferences from ambiguous evidence 
in a s 1 case," and teaches that "conduct as consistent with 
permissible competition as with illegal conspiracy does not, 
standing alone, support an inference of antitrust conspiracy." 
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 
574, 588 (1986). In the circumstances of this case, Ostrzenski 
was required to "present evidence 'that tends to exclude the 
possibility' that the alleged conspirators," id., acted on the 
basis of legitimate medical concerns, "rather than to imple-
ment" an anticompetitive conspiracy, id. at 598. See general-
ly Mathews v. Lancaster Gen. Hosp., 87 F.3d 624, 640-41 (3d 
Cir. 1996); Willman v. Heartland Hosp. East, 34 F.3d 605, 
611-12 (8th Cir. 1994); Johnson v. Nyack Hosp., 964 F.2d 
116, 121 (2d Cir. 1992).

 The record amply justifies the district court's determina-
tion that Dr. Ostrzenski lacked sufficient proof for a reason-
able jury to find an antitrust conspiracy rather than a legiti-

mate peer review process. For example, in one of the 
incidents that led to his loss of all staff privileges at defendant 
Columbia Hospital for Women, plaintiff set fire to a surgical 
assistant's gown with a laser, burning a hole approximately 
one foot in diameter. Plaintiff's counsel told the court below 
that "[w]e don't dispute that it happened. We dispute its 
relevance, its importance as a basis to deny Dr. Ostrzenski 
laparoscopic privileges." This court has no difficulty in see-
ing the relevance and importance of that incident as a legiti-
mate, rather than anticompetitive basis for denying plaintiff 
staff privileges.

 We take as a second example one of the incidents that led 
to plaintiff's loss of all staff privileges at defendant George 
Washington University Hospital: An anesthesiologist report-
ed seeing extensive swelling while Dr. Ostrzenski was instill-
ing a patient with carbon dioxide. According to the anesthe-
siologist's report, Dr. Ostrzenski "did not seem to be aware of 
the seriousness of this situation even though the patient's life 
was in danger at one point." To the contrary, Dr. Ostrzenski 
wanted to continue the procedure, and only repeated requests 
by the anesthesiologist persuaded him otherwise. Although 
defendants pointed to the submission of this report as one of 
the important catalysts of action against Dr. Ostrzenski, 
plaintiff does not contend that the anesthesiologist--who is 
neither a defendant nor a competitor of plaintiff's--had any 
anticompetitive motive to file a false report. Instead, plaintiff 
charges that the signed report "must" have been fabricated. 
Plaintiff, however, offered no evidence whatsoever to support 
that charge and did not even attempt to depose the anesthesi-
ologist. Under these circumstances, plaintiff's bare allegation 
does not suffice to create a genuine issue as to the authentici-
ty of the document.

 In light of a record replete with incidents such as those just 
described, we conclude that no reasonable jury could find 
plaintiff was denied hospital staff privileges as the result of an 
unlawful antitrust conspiracy, rather than because of concern 
about his medical competence. Accordingly, summary judg-
ment for defendants was appropriate and we affirm the 
decision of the district court.